# CARDOZO

BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY

## BET TZEDEK LEGAL SERVICES

Toby Golick
*Clinical Professor of Law*
*Director*

Paris R. Baldacci
Leslie Salzman
*Clinical Professors of Law*

December 2, 2008

212-790-0240
FAX: 212-790-0256

Chief Magistrate Judge Steven M. Gold
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: Petersen v. Aries Financial, LLC., et al., 06-Civ-06663 (RJD)(SMG)

Dear Magistrate Gold,

We write to update you on the status of discovery and settlement in the above-captioned matter currently scheduled for a conference before you on December 4th.

**Status of Settlement Negotiations:**

At the present time it does not appear that there are any potential buyers for the subject property, though efforts to locate a potential buyer are continuing. The parties have some concerns that a settlement may not be possible without a sale of the premises. However, plaintiff's counsel are pursuing re-financing options that could make a settlement possible without the immediate sale of the property.

**Current Status of Discovery:**

**Defendant Aries Financial:**
Plaintiff is seeking updated responses to Interrogatories and Documents Requests dated March 2007, with particular attention to Interrogatories 13, 21, and 22 and the identification of the "relatively small number of licensed mortgage brokers" who provide referrals of clients to Aries as noted in the London Affidavit in Support of the Motion to Compel Arbitration or Dismiss dated September 28, 2007. Plaintiff is seeking updated responses to the Document requests, with particular attention to Requests 14, 23, 26, and 27.
Plaintiff is also seeking production of all of the files of Doug Kahan, Esq., pertaining to loans extended by Aries financial in which Mr. Kahan served as closing attorney. Plaintiff also

will seek to depose Mr. Kahan. Plaintiff has communicated with Mr. Sosinsky and Mr. Kahan regarding Mr. Kahan's ability to continue as Aries' counsel in this case in light of his likely participation as a witness on significant issues in the litigation. See, N.Y. Code of Prof. Resp., DR 5-102 (B), (C), and (D).

Aries has agreed to produce Al London for a deposition.

Aries' counsel has also stated that, at a minimum, he would like to depose the plaintiff and Defendant Michaane.

**Defendant Powell**:

Plaintiff is seeking updated responses to Interrogatories and Documents Requests dated March 2007. Defendant Powell will provide updated responses to these Interrogatories and Document Requests paying particular attention to Interrogatories 13, 14, and 15 and Document Request 10.

Plaintiff has requested that Defendant Powell make available for deposition the associate who appeared at Ms. Petersen's hospital room for the transactions of October 12, 2005. Defendant Powell's counsel has stated that this associate is no longer employed by, or associated with, Defendant Powell. This fact will be confirmed and upon confirmation, Defendant Powell will provide plaintiff's counsel with the associate's name and last known contact information.

Plaintiff has also requested the name and contact information of any associate that Defendant Powell brought with him to the October 17, 2005 closing at the Sterling Place apartment. While Defendant Powell's counsel did not believe that Defendant Powell had brought anyone with whom he was associated to that closing, that fact will be confirmed and the name and contact information for any Powell associate who attended that closing will be provided plaintiff's counsel.

Defendant Powell has agreed to make himself available for an oral deposition and has stated that he wishes to depose Plaintiff Petersen. There appears to be a potential dispute between Plaintiff and Defendant Powell regarding the order of these depositions. Defendant Powell seeks to depose Plaintiff first. Plaintiff, particularly in light of her current need for rehabilitation following her recent lengthy hospitalization, would likely seek to depose Defendant Powell prior to her deposition. Under Rule 26 (d) there is no longer any priority in discovery to either side and Plaintiff would seek to depose Defendant Powell without necessarily waiting until after her own deposition.

**Defendant Berkshire**:

Defendant Berkshire is no longer represented by counsel. To date, Berkshire has not formally responded to Plaintiff's Interrogatories and Document Requests dated September 2007, but has forwarded a relevant loan application document to Plaintiff's counsel. Plaintiff's counsel has spoken with Frank Carone who was the Principal of Defendant Berkshire Financial Group, Inc., which purportedly no longer exists as a legal entity. Mr. Carone has stated that he does not have a copy of the discovery request and has asked us to forward a copy for his review. Mr. Carone has also requested that Plaintiff's counsel inform the magistrate that while Mr. Carone does not intend to appear at Thursday's conference in his capacity as principal of Defendant Berkshire, that he is intending to appear at the conference in the capacity of a real estate and mortgage broker/expert in order to assist with possible settlement options.

**Defendant Michaane:**
    Defendant Michaane has provided Plaintiff with some of the documents requested in the Document Request dated March 2007. Defendant Michaane should provide a formal response to this document request.

**Defendant Steve Havlama** has defaulted in this action.

**Plaintiff Petersen**:
    Plaintiff will update all discovery requests and will make herself available for deposition as soon as she is medically able to do so.

Very truly yours,

*Leslie Salzman*  *Donna Dougherty*

Leslie Salzman and Donna Dougherty
Counsel for Plaintiff Petersen

cc: All Parties (By ECF)